# REPRODUCTIVE SERVICES, INC. v. WALKER, DISTRICT JUDGE

No. A–1091.   Decided July 17, 1978

Mr. Justice Brennan.

I have before me an application [1] to stay an order of the Supreme Court of Texas, which denied applicant's motion for a writ of mandamus directed to respondent.   The questions at issue here arise in a suit brought by Claudia E. Lott against applicant, which in essence charged applicant with medical malpractice in performing an abortion on Mrs. Lott.   The complaint further charged applicant with violating the Texas Deceptive Trade Practices-Consumer Protection Act, Texas Bus. & Com. Code Ann. § 17.41 et seq. (Supp. 1977), in that applicant misrepresented the quality of care it was prepared to provide and failed to disclose material information regarding the risks involved in procedures used at applicant's abortion clinics.   The State of Texas was allowed to intervene in this action pursuant to the Deceptive Practices Act.   Mrs. Lott and the State of Texas are the true parties in interest here.

Mrs. Lott caused a subpoena duces tecum to be issued against applicant.   This subpoena sought the medical records

---

[1] This application was originally presented to Mr. Justice Powell as Circuit Justice and, in his absence, was referred to Mr. Justice Rehnquist, who denied the application.

of five named patients at applicant's clinics and also sought the medical records of any other patient who had any major or serious complications arising from an abortion at applicant's clinics or who had received certain medications. Applicant sought to quash this subpoena on the ground of invasion of its patients' privacy. This motion was granted in part by the respondent trial judge, who ruled that the records must be turned over, but that patients' names could be deleted. Applicant sought mandamus in the Supreme Court of Texas to overturn this order. Subsequently counsel for applicant, Mrs. Lott, and the State of Texas entered into a consent order and temporary injunction in which applicant agreed that on determination of applicant's petition for mandamus the State could take discovery "on all names of all patients of [applicant's] Clinics throughout the State and all records on the nature of the conditions shown in those records."

The question sought to be raised by applicant—whether the names of abortion patients can be obtained by discovery for use in a civil suit against a person or clinic performing abortions where, as here, the parties have not agreed to a protective order to ensure the privacy of those patients—is a serious one. If this question were in fact presented by this case, I am of the view that four Members of this Court would vote to grant certiorari to hear it.[2] However, this issue is not presented here. First, the order of the trial court challenged by applicant's petition for mandamus did in fact provide that the names of applicant's patients could be deleted. Second, the State of Texas has represented in its response in this Court that it is prepared to enter into a protective order which will ensure the privacy of all patients at applicant's clinics. In light of the representations of the State of Texas, there is no irreparable injury to any patient's privacy interests which

---

[2] Applicant has styled its application as one for a stay pending petition for mandamus, but the appropriate avenue of relief would be by certiorari, and I so read the papers.

would justify a stay of the order of the Supreme Court of Texas.

Therefore, on express condition that the parties agree to a protective order ensuring the privacy of patients at applicant's clinics, the stay I entered on July 10, 1978, in these proceedings is hereby dissolved. If such a protective order is not entered, applicant may resubmit a further stay application.